IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHER BRONSTIN, | : | Civil No. 1:25-CV-01083 |
| Plaintiff, | : | |
| v. | : | |
| JANE TECHNOLOGIES, INC., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 3rd day of July, 2025, the court observing that motions pursuant to subsections (b), (e), and (f) of Federal Rule of Civil Procedure 12 are discouraged if the pleading defect is curable by amendment, **IT IS ORDERED THAT** the parties must meet and confer prior to the filing of such a motion to determine whether the motion can be avoided.  The duty to meet and confer extends to all parties, including those appearing *pro se*.  Consistent with this order, **motions must be accompanied by a certificate of the movant** stating that the moving party has made good faith efforts to confer with the nonmovant(s) to determine whether the identified pleading deficiencies may be cured by amendment. The certificate must specify when the conference occurred, how the conference occurred, who participated in the conference, and specify whether any pleading deficiencies were resolved during the conference.

Motions that do not contain the required certification will be stricken without prejudice. A non-moving party's failure to comply with this order, including a failure to timely engage in the meet-and-confer process, or an unreasonable refusal to amend may result in the assessment of monetary and/or nonmonetary sanctions. Those sanctions may include, but are not limited to, an assessment of attorney's fees and costs associated with the filing of the motion.

In addition, the parties shall not unnecessarily oppose motions to amend the pleadings that are filed prior to the initial case management conference, or within the time set forth in the parties' Rule 26(f) report and/or the court's case management order.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania