IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAPPY CABBAGE ANALYTICS, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-01083<br>(Hon. Jennifer P. Wilson) |

## JOINT CASE MANAGEMENT PLAN

Plaintiff Asher Bronstin ("Plaintiff") and Defendant Happy Cabbage Analytics, Inc. ("Defendant" or "Happy Cabbage") (collectively, the "Parties"), by and through their respective undersigned counsel, respectfully submit this Joint Case Management Plan.

**1. Principal Issues**

    **1.1** Separately for each party, please give a statement summarizing this case:

        **By plaintiff(s):**

Plaintiff contends that the Defendant, Happy Cabbage Analytics, Inc., sent at least two text messages to his cell phone on the National Do Not Call Registry, in violation of multiple provisions of the TCPA, including after the Plaintiff texted "STOP" to opt out and received a confirmation of the same. Plaintiff denies that he submitted any information to Happy Cabbage and further that he, like all class members, did not provide any consent to receive contact from Happy Cabbage.

Based on the foregoing conduct, the Plaintiff pleads the following classes:

**National Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (4) within the four years prior to the filing of the Complaint.

**By defendant(s):** Plaintiff filed a putative class action for alleged violations of the Telephone Consumer Protection Act ("TCPA"). The text messages at issue were sent by The Spot, not Defendant, Happy Cabbage, because Happy Cabbage is only the text platform provider. In addition, the provisions of the TCPA under which Plaintiff asserts his claims do not apply to the text messages at issue. With respect to the claims concerning the internal do not call provisions of the TCPA, there is no private right of action for such claims and Plaintiff also does not allege sufficient facts to support the claims.

Happy Cabbage further denies that this case is suitable for class treatment or that Plaintiff can otherwise satisfy the elements of Fed. R. Civ. P. 23.

**1.2    The facts the Parties <u>dispute</u> are as follows:**

The Parties dispute the number of text messages the Plaintiff received, including whether the Plaintiff texted "STOP."

**The facts the Parties <u>agree</u> upon are as follows:  N/A**

**1.3    The legal issues the Parties <u>dispute</u> are as follows:**

- Whether Plaintiff has standing to pursue his claims;

- Whether text messages at issue are subject to the provisions of the TCPA under which Plaintiff asserts his claims;
- Whether Plaintiff can maintain a private right of action for alleged violations of 47 C.F.R. 64.1200(d)(3);
- Whether Plaintiff has sufficiently alleged the elements of his claims;
- Whether the Defendant is directly or vicariously liable for the violations of the TCPA;
- Whether this case is capable of or appropriate for class treatment under Fed. R. Civ. P. 23; and
- Whether any violation was "willful" or "knowing" for treble damages purposes.

**The legal issues the Parties <u>agree</u> upon are as follows:  N/A**

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

Defendant is filing a motion to dismiss seeking to challenge this Court's subject matter jurisdiction.

**1.5    Identify any named Parties that have not yet been served:**

None.

**1.6    Identify any additional Parties that:**

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

**1.7    Identify any additional claims that:**

plaintiff(s) intends to add:

3

None at this time. Plaintiff reserves all rights.

       defendant(s) intends to add:

None at this time.  Defendant reserves all rights.

**2.0    Disclosures**

**The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.**

The Parties have not yet exchanged Rule 26(a)(1) initial disclosures and Plaintiff's position is that the Parties should do so within the time provided under the Rule, which would be 14 days after the Parties' Rule 26(f) conference.

Defendant believes that discovery should be stayed until its challenge to this Court's subject matter jurisdiction is resolved. *See, e.g.*, *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."); *Foud v. Milton Hershey Sch. & Sch. Tr.*, No. 1:19-cv-00253, 2020 WL 8225445, at *4 (M.D. Pa. Feb. 6, 2020) (finding magistrate did not abuse discretion when granting a stay of discovery where a pending motion "appeared to present substantial grounds for dismissal").

    **2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Asher Bronstin | Plaintiff |
| TMobile | Plaintiff's telephone carrier |

| | |
|---|---|
| Downstream carriers | Carriers for the calls to Ms. Bronstin |
| Various Employees of Defendant | Knowledge of calls. |

Disclosed by <u>Defendant</u>:

| Name | Title/Position |
|---|---|
| Andrew Watson | Chief Executive Officer |

**3.0　Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss | Defendant | November 4, 2025 |
| Motion for Summary Judgment (if needed) | Defendant | See Section 6.4. |
| Motion for Class Certification | Plaintiff | See Section 6. |

**4.0　Discovery**

**4.1　Briefly describe any discovery that has been completed or is in progress:**

By plaintiff(s):

Plaintiff has served his initial discovery to the Defendant.

By defendant(s):

In the event the Court agrees that discovery should move forward during the pendency of Defendant's motion to dismiss, Defendant intends to serve discovery on Plaintiff.

5

**4.2** **Describe any <u>discovery</u> that all <u>Parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

While the parties disagree regarding whether discovery should commence while Defendant's motion to dismiss is pending, the parties agree that discovery will need to be taken into the texts at issue, whether the Plaintiff texted stop, and how many texts were allegedly sent to the Plaintiff and other putative class members. Discovery regarding Plaintiff's ability to meet the elements of Fed. R. Civ. P. 23 should will also be required.

**4.3** **Describe any <u>discovery</u> that one or more Parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

N/A

**4.4** **Identify any <u>subject area limitations on discovery</u> that one or more Parties would like imposed, at the first stage of or throughout the litigation:**

Defendant believes that the Court should first adjudicate its challenge to the Court's subject-matter jurisdiction and related motion to dismiss in the first instance.

**4.5** **For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the Parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

4.5.1 depositions (excluding experts) to be taken by:

plaintiff(s): 10      defendant(s):10

4.5.2 interrogatories to be served by:

plaintiff(s): 25      defendant(s): 25

4.5.3 document production requests to be served by:

plaintiff(s):50      defendant(s): 50

4.5.4 requests for admission to be served by:

plaintiff(s):75      defendant(s): 75

**4.6   Discovery of Electronically Stored Information**

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

## 5.0   Protective Order

**5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

The Parties anticipate that a standard Rule 26(c) protective order governing the confidentiality of documents and information produced in discovery in this case may be necessary. The Parties intend to confer in good faith about such an order in due course, and will submit it for the Court's consideration.

**5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

None.

**6.0     Scheduling**

The Parties propose the following schedule.

    6.1     Final date for joining additional Parties:

        3/23/2026

    6.2     Final date for amending pleadings:

        3/23/2026

    6.3     All fact discovery commenced in time to be completed by:
        7/1/2026

    6.4     All potentially dispositive motions should be filed by 10/1/2026

    6.5     Reports from retained experts due:

        from plaintiff(s) by 7/29/2026

        from defendant(s) by 9/2/2026

    6.6     Supplementations due  9/16/2026

    6.7     All expert discovery commenced in time to be completed by
        9/16/2026

    6.8     This case may be appropriate for trial in approximately:

        540 Days from the filing of the action in this court

    6.9     Suggested Date for the final Pretrial Conference:

        February 2027 (month/year)

6.10   Trial

    6.10.1 Suggested Date for Trial:

    March 2027 (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

Asher Bronstin c/o Andrew Roman Perrong, Esq.
Plaintiff
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529


Andrew Watson & Daniel Gold c/o Steven W Schlesinger
Executives for Defendant
3 World Trade Center
175 Greenwich St
New York, NY 10007
(212) 808-7800


## 8.0 Alternative Dispute Resolution ("ADR")

**8.1   Identify any ADR procedure to which this case already has been assigned or which the Parties have agreed to use.**

The parties have agreed on the dates by which ADR must be conducted, but the Parties have not agreed to procedure.

    Date ADR to be commenced 6/3/2026
    Date ADR to be completed 10/15/2026

>   **8.2   If the Parties have been unable to agree on an ADR procedure, but one or more Parties believe that the case is appropriate for such a procedure, identify the party or Parties that recommend ADR and the specific ADR process recommended:**

Plaintiff has a preference for private ADR and Defendant has a preference for magistrate-facilitated ADR. The Parties are willing to continue to discuss preferred ADR procedure.

>   **8.3   If all Parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**
>
>   N/A

**9.0   Consent to Jurisdiction by a Magistrate Judge**

>   **Indicate whether all Parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**
>
>   All Parties agree to jurisdiction by a magistrate judge of this court: <u>No</u>.
>
>   If Parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:
>
>   ____ Scranton/Wilkes-Barre
>   ____ Harrisburg
>   ____ Williamsport

**10.0   Other Matters**

>   Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The parties jointly agree to the service of discovery requests electronically.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:      10/31/2025 Andrew Roman Perrong
                        Attorney(s) for Plaintiff(s)
                 X    ECF User(s)
                        Waiver requested (as separate document)
                        Fed.R.Civ.P.7.1 (statement filed if necessary)*


Dated:      11/3/2025 Steven W Schlesinger
                        Attorneys(s) for Defendant(s)
                 X    ECF User(s)
                        Waiver requested (as separate document)
                 X    Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

Dated: November 4, 2025               Respectfully submitted,

*/s/ Steven W Schlesinger*
Steven W Schlesinger (PA Bar No. 332869)
**KELLEY DRYE & WARREN LLP**
3 World Trade Center
175 Greenwich St
New York, NY 10007
Tel.: (212) 808-7740
SSchlesinger@KelleyDrye.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am causing the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document upon all counsel of record.

Dated: November 4, 2025               */s/ Steven W Schlesinger*