# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>HAPPY CABBAGE ANALYTICS, INC.<br><br>Defendant. | Case No.: 1:25-cv-01083-JPW |

## DECLARATION OF ANDREW WATSON

I, Andrew Watson, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over 18 years of age. Unless otherwise stated, the information set forth herein and below is true and correct, is based on my own personal knowledge, and if asked to testify therefore, I could and would do so competently.

2. I am the Chief Executive Officer for the defendant Happy Cabbage Analytics, Inc. ("Happy Cabbage").

3. I submit this Declaration in my professional capacity in support of Defendant Happy Cabbage Analytics, Inc.'s Motion to Dismiss Plaintiff's Complaint (the "Complaint") filed contemporaneously herewith in the above-caption matter (the "Action").

1

1. **BACKGROUND ON HAPPY CABBAGE**

4. Happy Cabbage provides a software that cannabis retailers can utilize to manage their business.

5. One service Happy Cabbage provided its clients with was a platform that allowed clients to upload a list of their customers or potential customers in order to receive text messages, typically advertising the clients' products.

6. This text platform was just one of a suite of tools Happy Cabbage offers its client to help manage their businesses.

7. Because Happy Cabbage provided a text platform, it also had telephone numbers registered in Happy Cabbage's name that were used by Happy Cabbage's clients.

2. **THE SPOT USED HAPPY CABBAGE'S SOFTWARE**

8. Until December 3, 2023, The Spot was a cannabis retailer that utilized Happy Cabbage's software to send text messages.

9. According to publicly available information, The Spot ceased its operations no later than March 2024.

10. Happy Cabbage requires clients who utilized this service, including The Spot, to affirm that the client would use Happy Cabbage to facilitate communications with customers who expressly consented to receive text advertisements.

2

11. The Spot agreed to these terms.

12. A retail cannabis client utilizing Happy Cabbage's text platform drafts the language of each communication, selects the customers who would receive the text message, and selects when to send the text message.

13. Happy Cabbage did not exercise any control over how its clients communicated with their customers beyond requiring each customer to represent that they would obtain any legally required consent.

14. Clients, not Happy Cabbage, bear the responsibility for maintaining their customer lists, including an internal do-not-call list.

15. Neither Happy Cabbage nor the subpoena recipient, Telnyx, have record of receiving a STOP request from the cellular phone number at issue in the Complaint on March 9, 2022 as reflected in Paragraph 34 of the Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 4 day of November 2025 in West Hollywood, California.



Andrew Watson

3