**KELLEY DRYE & WARREN LLP**

NEW YORK, NY   WASHINGTON, DC   CHICAGO, IL   HOUSTON, TX
LOS ANGELES, CA   SAN DIEGO, CA   MADISON, NJ   STAMFORD, CT

**WHITNEY M. SMITH**

7 Giralda Farms
Madison, NJ 07940

Tel: (973) 503-5923
Fax: (973) 503-5950
wsmith@kelleydrye.com

November 14, 2025

<u>Via ECF</u>

Hon. Jennifer P. Wilson
United States District Court Judge
Middle District of Pennsylvania
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

    Re:  *Asher Bronstin v. Happy Cabbage Analytics, Inc.*,
        Case No. 1:25-cv-01083-JPW

Dear Judge Wilson:

    Pursuant to this Court's Order (ECF No. 26), Happy Cabbage Analytics, Inc. ("Happy Cabbage") submits this letter brief in support of its request that the Court stay discovery in this action ("Action") pending resolution of its motion to dismiss ("Motion"). In the event the Court does not agree that a stay of discovery in its entirety is appropriate, Happy Cabbage respectfully requests that this Court limit discovery to the subject matter jurisdiction challenge set forth in Happy Cabbage's Motion.

**I.   Background**

    ***The Action.***  This Action arises out of text messages that Asher Bronstin ("Plaintiff") allegedly received in March of 2022 ("Texts"), which advertised products available for purchase from The Spot. (ECF No. 9 at ¶ 29.)  Plaintiff alleges that the Texts violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5) ("TCPA").  (ECF No. 1.)  Plaintiff waited over three years to commence this Action, until June 13, 2025.  By the time Plaintiff initiated suit, The Spot, which is the entity that offered the goods that were the subject of the Texts, was no longer in business.

    Plaintiff first filed this Action against Jane Technologies, Inc. ("Jane").  After conducting third-party discovery, Plaintiff amended his complaint on August 19, 2025, to replace Jane as a defendant and name Happy Cabbage instead.  (ECF No. 9.)  Contrary to Plaintiff's allegations, Happy Cabbage did not send the Texts and offers only the software that was used by The Spot to send the Texts.  (ECF No. 20.)

    ***The Motion.***  On November 4, 2025, Happy Cabbage filed the Motion seeking dismissal of Plaintiff's claims on the following grounds: (1) the Court lacks subject matter jurisdiction over this controversy because Plaintiff's injury is not fairly traceable to Happy Cabbage's conduct; (2) text messages are not covered by the TCPA; (3) TCPA Section 227(d) does not provide Plaintiff with a private right of Action; and (4) Plaintiff failed to properly plead a violation of 47 C.F.R. § 64.1200(d)(3). (ECF Nos. 20–21.)  The Motion will be fully briefed by December 19, 2025.  (ECF 26.)

    ***Discovery.***  On November 4, 2025, Plaintiff served his First Set of Discovery on Happy Cabbage (attached hereto as **Exhibit A**).  This discovery contains over 30 requests and seeks wide-ranging

Hon. Jennifer P. Wilson
November 14, 2025

information concerning Plaintiff's individual claim and class-wide discovery. For example, the requests seek information concerning all of Happy Cabbage's customers—not just The Spot—and also requests documents reflecting all calls or text messages sent by any client or vendor of Happy Cabbage over the last four years and all records of consent to receive such calls or text messages. (RFP Nos. 13, 17, 18.) In other instances, the discovery includes boilerplate requests that are inapposite to the procedural posture of this case. For example, Interrogatory No. 10 seeks information in support of Happy Cabbage's affirmative defenses, even though no answer has yet been filed in this matter.

On November 7, 2025, the Parties attended the initial case management conference before this Court where the Court requested letter briefs on the issue of the discovery stay.

## II.     Discovery Is Premature, Unduly Burdensome, and Should Be Stayed

"Under Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery 'for good cause shown.'" *Colbert v. Allstate Prop. & Cas. Ins. Co.*, No. 3:20-cv-1066, 2020 WL 6922653, at *1 (M.D. Pa. Oct. 23, 2020). The Third Circuit has recognized that if a pending motion would resolve a case and thereby render discovery futile, a stay of discovery is appropriate. *Mann v. Brenner*, 375 F. App'x 232, (3d Cir. 2010) (staying discovery while 12(b)(6) motion to dismiss was pending). Further, "a stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *Fernsler v. Swatara Twp. Police Dep't*, No. 1:24-cv-1253, 2024 WL 4372307, at *2 (M.D. Pa. Oct. 2, 2024) (staying discovery until resolution of pending motions to dismiss). As this Court is aware, the Motion seeks dismissal of the Action in its entirety on multiple grounds, and in the event the Court agrees with Happy Cabbage, discovery will be moot and the parties will have incurred unnecessary costs. Accordingly, the Court should stay all discovery until the Court rules on the Motion.[1]

To determine whether a stay is appropriate a court may consider the following factors: (1) whether the stay would unduly prejudice or clearly disadvantage the non-moving party; (2) whether denial of the stay would create an inequity for the moving party; (3) if a stay would simplify the issues at trial; and (4) if a trial date was already set. *Fouad v. Milton Hersey Sch. & Sch. Tr.*, 2020 WL 8225445, at *4 (M.D. Pa. Feb. 6, 2020) (staying discovery pending a motion to dismiss where the "motions appeared to present substantial grounds for dismissal"). Considering the foregoing factors, a stay is appropriate here.

<u>First</u>, Plaintiff will not be prejudiced by a relatively short stay of discovery, nor will Happy Cabbage gain any unfair litigation advantage from the stay. Specifically, the Motion will be fully briefed and ripe for resolution by this Court in approximately one month and therefore any stay of discovery will be relatively short. Any sense of urgency in conducting discovery is belied by Plaintiff's own decision to wait more than three years after allegedly receiving the Texts to commence this Action. Moreover, many of the bases set forth in the Motion, such as whether the TCPA even applies to the Texts, present purely legal questions that do not require factual development for this Court to adjudicate. In the event this Court denies the Motion in whole or in part, Happy Cabbage will timely respond to any appropriate and relevant discovery requests. Any potential evidence now available among Happy Cabbage's files will be available after the Court rules on the Motion. Although Plaintiff raised concern regarding preservation of evidence during any stay, Happy Cabbage has assured Plaintiff that it is abiding by its duty to preserve evidence

---

[1]   Staying discovery between the parties in this case would not hamper or prevent any third-party discovery that Plaintiff is free to otherwise conduct (which is not limited to retrieving any call records from third parties).

Hon. Jennifer P. Wilson
November 14, 2025

while this litigation is pending. Indeed, to the extent Plaintiff has raised concerns regarding available evidence, these concerns are attributable due to his own delay in filing this lawsuit more than three years after he allegedly received the Texts. <u>Second</u>, Happy Cabbage's Motion seeks to dismiss the Action in its entirety. It would be inequitable to require Happy Cabbage to incur the costs of discovery in the event the Court dismisses the Action. <u>Third</u>, at this early stage of the case, no trial date has been chosen so temporarily staying discovery will not necessitate changing any trial scheduling or other prejudice.

Finally, where there is a motion to dismiss for lack of subject matter jurisdiction, a court may allow discovery into jurisdictional issues, *see, e.g.*, *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015), but this Court need not allow such discovery where a plaintiff's claim is "clearly frivolous." *Argentina v. Wells Fargo*, No. 1:22-cv-00374, 2022 WL 3337728, at *3 (M.D. Pa. June 16, 2022). Here, as set forth in the Motion, Plaintiff seeks to impose any TCPA liability that The Spot may have onto Happy Cabbage simply because The Spot is no longer a viable source of recovery.

### III.  Alternatively, The Court Should Limit Discovery to Only Subject Matter Jurisdiction

To the extent the Court disagrees that a stay of discovery in its entirety is warranted, the Court should limit discovery to only the issue of subject matter jurisdiction. *See, e.g.*, *Lincoln Benefit Life Co.* 800 F.3d at 108 (while district courts may allow discovery to determine whether subject matter jurisdiction exists, only those plaintiffs who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue); *see also Brown v. Marler*, No. 2:20-cv-01914, 2020 WL 1975064, at *1 (E.D. Pa. Apr. 24, 2020) (halting invasive, on-site inspection discovery until limited jurisdictional discovery was conducted).

As noted, Plaintiff is seeking broad discovery with respect to both Plaintiff's individual and class claims. Responding to Plaintiff's voluminous and premature requests would unduly burden Happy Cabbage, particularly given that the Motion presents multiple grounds for dismissal. For example, Plaintiff's Document Request No. 4 is overbroad and seeks information, not only beyond the text messages Plaintiff received, but information unrelated to The Spot. Similarly, Request No. 17 seeks information *regarding all* Happy Cabbage's clients, not just The Spot.[2]

At most, the Court should afford Plaintiff the opportunity to serve limited discovery that has bearing on this Court's subject matter jurisdiction. *Kolesar v. Pro-Source Performance Prods., Inc.*, No. 1:22-cv-122, 2023 WL 2527297, at *4 (W.D. Pa. Mar. 15, 2023) ("[Jurisdictional] discovery should be narrowly tailored and often 'a few responses to interrogatories will . . . suffice.'") (citation omitted).

*     *     *

Happy Cabbage is a small technology company that contracted with, and provided services to, The Spot. The Texts were sent over three years ago. The resources Happy Cabbage will have to expend to respond to discovery are disproportionate to the brief delay Plaintiff will face in obtaining this information after the Court decides the pending Motion. Considering the foregoing, Happy Cabbage respectfully requests that this Court stay all discovery until it decides the Motion; or alternatively, to limit discovery to only requests relating to subject matter jurisdiction.

---

[2]  Plaintiff's discovery requests are largely objectionable, because they assume facts that are not necessarily true, are premature, duplicative, and seek a corporate representative deposition, among other things.

Hon. Jennifer P. Wilson
November 14, 2025

                                                Respectfully submitted,

                                                Whitney M. Smith

cc:    All Counsel of Record (via ECF)