# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HAPPY CABBAGE ANALYTICS, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-01083<br>(Hon. Jennifer P. Wilson) |

**PLAINTIFF'S FIRST SET OF DISCOVERY**

**INSTRUCTIONS FOR INTERROGATORIES**

1. Pursuant to Rule 33, submit your answers to the interrogatories herein in writing and under oath to the undersigned counsel within 30 days of the date of service on you. If any of these interrogatories cannot be answered in full, then you should answer to the fullest extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion or portions. In answering these interrogatories, furnish such information as is available to you, regardless of whether this information is obtained directly by you, through your agents or representatives or by any of your attorneys. For each interrogatory, please identify all persons who provided information used in answering it.

2. These interrogatories are continuing in nature. In accordance with Rule 26, you are required to supplement your answers to the interrogatories when new or additional information becomes known to you.

**INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

1

3. Pursuant to Rule 34(b)(2)(B), on the date production is due, Defendant shall produce all the responsive documents or specify a reasonable date certain on which they will be produced.

4. In accordance with Rule 34(b), you shall provide written responses to the following requests and shall produce the requested documents as they are kept in the ordinary and usual course of business or shall organize and label the documents to correspond with the categories in this request.

5. A draft and a final version are two distinct documents.

6. If Defendant withholds the production of any responsive document on the grounds that the document is privileged or otherwise protected, Defendant shall state in a privilege log the nature of the claim of privilege or protection; the type and nature of the document; the date of the document; the author(s), the addressee(s), and recipient(s) of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

## DEFINITIONS

The following terms shall have the following meanings, even when not capitalized or bolded:

7. **"Communication"** includes all forms of correspondence, including, but not limited to, letters, emails, voicemails, text messages, instant messages, or social media messages.

8. "**Defendant**" means the defendant named in this lawsuit who is being served with these requests and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

9. "**Describe**" means to identify and explain fully the characteristics, nature and substance of a given thing, action, communication or event, to set forth all details, physical properties and dimensions of a physical thing inquired about, and to specify all pertinent dates, locations, causes, purposes, effects and results of the thing, action, communication or event inquired about.

10. "**Document**" means any writing as defined in Rule 34(a)(1)(A), however produced, reproduced, archived or stored, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access, including all ESI.

11. "**Identify**" (when used in reference to a document) means to state the date of preparation of the document, its author, the sender (if any), the recipient (if any), the nature of the document (e.g., letter, memorandum or tape) and other means of identification sufficient to specify the document for purposes of a request for production, and to further state its present location and custodian. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it and give the name, address and telephone number of the person presently having possession, custody or control of the document.

12. "**Identify**" (when used in reference to an natural person) means to state that person's full name, title, business address, telephone number, email address, occupation and employer, along with a statement of whether that person is represented by your counsel in this litigation.

13. "**Identify**" (when used in reference to an entity) means to state the entity's full name, address, telephone number, state of incorporation or organization and web address. Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in the relevant classification or category, and the request for the identity of an entity includes all affiliated entities.

14. "**Person**" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

15. "**Plaintiff**" means the Plaintiff in this lawsuit.

16. "**Policy**" means any instruction, practice, procedure, directive, routine, guideline, rule, course of conduct or code of conduct that was or has been recognized, adopted, issued or followed by you—regardless of whether written or unwritten, formal or informal, recorded or unrecorded.

17. "**TCPA**" means the Telephone Consumer Protection Act, 47 U.S.C. § 227.

18. "**Telemarketing**" means a telecommunication that could have generated or was intended to generate leads, customers or sales for you or any franchisee of yours within the United States. A communication is telemarketing even though it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a person who had consented to receive it; (3) was to a person who had a prior existing business relationship with you; (4) was not made by you; and/or (5) was not made for your exclusive or direct benefit.

19. "**Third party**" means any natural person, partnership, association, corporation, joint venture, or other business or legal entity not owned or controlled by you.

20.     "**Vendor**" means any third party under contract with, hired by, employed by, paid by or working for you, directly or indirectly, for purposes of telemarketing or phone-based activities or services, including, but not limited to, generating leads, warm transfers, hot transfers or any other call transfers, making outbound telemarketing calls or text messages, or tracking or aggregating data related to any of those activities, including, but not limited to, any co-defendant.

21.     "**You**" means the entity to which these requests are propounded and includes, without limitation, any of its past or present offices, locations, divisions, affiliates, subsidiaries, successors, predecessors, partners, joint venturers, officers, directors, employees, agents, attorneys or representatives.

22.     All other words shall have their ordinary definition as defined by Merriam-Webster's online dictionary, located at http://www.merriam-webster.com/

## RELEVANT TIME PERIOD

Unless otherwise indicated, these requests shall pertain to the time period starting four years before the filing of the original complaint in this case and continuing through the present and shall include all documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated or received outside of that period.

## INTERROGATORIES

1.      Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**ANSWER:**

5

2. Identify all employees or vendors involved in making outbound calls or text messages as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls or text messages to generate leads (b) the dialing system platform or provider used to make calls or text messages (c) the identity of all digital advertising partners.

**ANSWER:**

3. Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**ANSWER**:

4. Identify each customer, client, or user of your platform that has the capability to send, schedule, or automate text messages or other electronic communications using your products or services and did so with respect to the Plaintiff.

**ANSWER**:

5. Describe in detail the process by which your customers or users send text messages using your platform, including all steps a user must take, all systems or integrations involved, and all points of control or approval by you.

**ANSWER**:

6. If you contend that Plaintiff provided consent to receive solicitation telephone calls or text messages, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**ANSWER:**

7. If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

**ANSWER:**

8. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**ANSWER:**

9. Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any customer, used to contact the Plaintiff.

**ANSWER:**

10. State all facts in support of any affirmative defenses you have raised.

**ANSWER**:

## DOCUMENT REQUESTS

1. Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:**

2. Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:**

3. Please produce all documents related to Plaintiff, including, but not limited to, all all forms, webflow recordings, or electronic data that Defendant contends show Plaintiff's consent and your investigation into outbound calls or text messages made to Plaintiff.

7

**RESPONSE:**

4.      Please produce all documents relating to any failure by a vendor or client of yours to abide by your policies or any agreement you had relating to the sending of outbound calls or text messages.

**RESPONSE:**


5.      All communications between Defendant and the third party that provided the Plaintiff's phone number, or any intermediary, relating to consent verification, TrustedForm, or the Plaintiff's alleged form submission.

**RESPONSE:**

6.      Please produce all complaints or do-not-call requests concerning outbound calls or text messages made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls, text messages or records reflecting consumer opt-out handling. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:**

7.      All contracts or documents representing agreements with any vendor, client or platform user that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

8.      All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:**

9. All contracts or documents representing agreements with any third party, vendor, client, or platform user that used your system or platform to send text messages.

**RESPONSE:**

10. All communications with any third party, vendor, client, or platform user that that dialed the calls or text messages to the Plaintiff.

**RESPONSE:**

11. All internal communications at your company regarding any third party, vendor, client, or platform user that dialed the calls or text messages to the Plaintiff.

**RESPONSE:**

12. All communications with any third party, vendor, client, or platform user that provided you the Plaintiff's telephone number.

**RESPONSE:**

13. All internal communications at your company regarding any third party, vendor, client, or platform user that provided you the Plaintiff's telephone number.

**RESPONSE:**

14. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:**

15. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE:**

16. Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

   a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

   b) obtaining or verifying prior express consent;

   c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:**

17. Please produce all documents containing any of the following information for each outbound telemarketing call or text message sent by you, a client of yours, or your vendors:

   a) the date and time;

   b) the caller ID;

   c) any recorded message used;

   d) the result;

   e) identifying information for the recipient; and

    f) any other information stored by the call detail records.

  **RESPONSE:**

  18. Please provide all evidence of written consent to make calls or text messages in response to the foregoing, including any language that your company asserts complies with the E-Sign Act.

  **RESPONSE:**


  19. Provide all evidence or documentation relating to the process by which your clients or users obtain or store written consent from recipients before sending messages using your platform, including any templates, APIs, or software features for consent collection or verification.

  **RESPONSE:**


  20. All communications with any third party concerning this litigation other than your attorney.

  **RESPONSE:**

RESPECTFULLY SUBMITTED AND DATED this 4th day of November, 2025.

           */s/ Andrew Roman Perrong*
           Andrew Roman Perrong, Esq.
           PA Bar #333687
           Perrong Law LLC
           2657 Mount Carmel Avenue
           Glenside, Pennsylvania 19038
           Phone: 215-225-5529 (CALL-LAW)
           Facsimile: 888-329-0305
           a@perronglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, a copy of the foregoing was served

electronically on counsel for the Defendants via e-mail at

Furtado, Kimberly N. <KFurtado@kelleydrye.com>, "Smith, Whitney M." <WSmith@kelleydrye.com>,
"Schlesinger, Steven W" <SSchlesinger@kelleydrye.com>

                                             */s/ Andrew Roman Perrong*
                                             Andrew Roman Perrong, Esq.
                                             PA Bar #333687
                                             Perrong Law LLC
                                             2657 Mount Carmel Avenue
                                             Glenside, Pennsylvania 19038
                                             Phone: 215-225-5529 (CALL-LAW)
                                             Facsimile: 888-329-0305
                                             a@perronglaw.com