

**2657 Mount Carmel Avenue**
**Glenside, PA 19038**

a@perronglaw.com                                                                 Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com                                                                            Fax (888) 329-0305

November 21, 2025

*Via ECF*

Chambers of Hon. Jennifer P. Wilson
United States District Court for the Middle District of Pennsylvania

Re:    Letter Motion to Stay Discovery,
*Bronstin v. Happy Cabbage Analytics, Inc.*, No. 1:25-cv-01083-JPW

Dear Judge Munley:

Plaintiff submits this response to Defendant's November 14, 2025 letter requesting a stay of all discovery pending resolution of its motion to dismiss. Defendant has not met, and cannot meet, the demanding standard for securing what courts repeatedly describe as an extraordinary measure. A stay here would prejudice Plaintiff, reward delay (particularly in light of the denials of number ownership that the Defendant has adopted), and prevent the development of a factual record essential to resolving issues Defendant itself has injected through its factual attack. It should be denied.

It is well established that the Court's inherent authority to manage its docket does not translate into an automatic right to freeze litigation simply because a defendant has filed a motion to dismiss. As courts have repeatedly held, "the mere filing of a motion to dismiss does not stay discovery" *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. 2019). Courts conducting a stay analysis must also be "mindful that the stay of a civil proceeding constitutes an extraordinary remedy," and the party seeking the stay bears the burden of establishing its propriety. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445–46 (D.N.J. 2014). Defendant has not carried that burden. Under the well-established factors courts consider, including whether a stay would unduly prejudice the non-movant, whether the movant would suffer hardship if discovery proceeds, whether a stay would simplify the issues, and whether discovery is already underway, each weighs against halting discovery.

Plaintiff would face significant prejudice if a stay were entered. The text messages at issue were sent more than three years ago. That temporal distance does not justify further delay. In fact, it heightens the risk of prejudice. Electronic data, logs, policy documents, internal communications, call records, and contact lists relating

to 2022 are already fragile, particularly insofar as (1) Defendant claims to no longer possess records of at least one of the telephone numbers at issue (despite a subpoena confirming ownership of the same) and (2) the cannabis dispensary advertised, The Spot, is out of business. Additional delay increases the likelihood of loss or degradation of relevant evidence. Defendant's self-serving assurance that it is "preserving" materials is not a substitute for Plaintiff's right to obtain discovery, including already ethereal and eroding third party discovery. And because Happy Cabbage possesses the platform-level records needed to determine how the messages were sent and to whom, further delay would risk irreparable loss of proof.

Defendant's related attempt to fault Plaintiff for the timing of his suit is both legally incorrect and an effort to divert attention from Defendant's own data retention obligations. Plaintiff filed within the TCPA's four-year statute of limitations. A plaintiff exercising his statutory right to file within the limitations period cannot be accused of "delay," and courts uniformly reject attempts to restrict discovery based on such arguments. *SL Serv., Inc. v. Int'l Food Packers, Inc.*, 217 F. Supp. 2d 180, 186 (D.P.R. 2002). If records from early 2022 are now at risk of loss or degradation, that risk arises from Defendant's own failure to preserve those records during the limitations period. It cannot invoke the passage of time to justify limiting discovery into evidence it controls. Defendant also ignores that Plaintiff had no ability to identify Defendant until he issued a subpoena in this litigation to identify them, as the messages did not disclose Defendant's involvement. Defendant should not be permitted to leverage that opacity to restrict the discovery necessary to establish its liability. As such, courts regularly permit plaintiffs to commence discovery, including during the pendency of a motion to dismiss and prior to a Rule 26(f) conference. *See, e.g.*, *Cooley v. Freedom Forever LLC*, No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019). Here, Plaintiff simply seeks to proceed as ordinary. Defendant, for its part, identifies no hardship, let alone the "clear case of hardship or inequity" the Supreme Court has held is required, if discovery proceeds. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Ordinary discovery burdens do not justify a stay, and Defendant's vague assertions of burden are insufficiently specific. Responding to discovery requires effort, but that effort does not justify a stay. And a stay would not simplify the issues. If anything, it would complicate them by delaying the factual development necessary to resolve merits questions.

The risk to the putative class members' interests is not merely hypothetical. Multiple decisions in TCPA class action cases have turned on the destruction of records necessary to identify class members. *See, e.g.*, *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (denying class certification in a TCPA case because "critical information regarding the identity of those who received the facsimile transmissions" was not available); *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011) (granting the defendant summary judgment for the substantially the same reason). Plaintiff will also be prejudiced by a stay because, "with the passage of time, the memories of the parties

and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Sanaah v. Howell*, No. CIVA.08CV02117REBKLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Defendant's characterization of Plaintiff's discovery requests as overbroad or "boilerplate" misstates both their scope and their relevance. Plaintiff alleges that Happy Cabbage operates and controls a centralized text marketing service for cannabis dispensaries, including the messages at issue here. Because liability under the TCPA turns on who "initiated" the messages and the degree of control exercised over their transmission, discovery concerning how Happy Cabbage's service functions across *all of its customers* is *essential*. And that discovery doesn't vary from client to client or recipient to recipient. Documents relating to how Happy Cabbage sends marketing messages, including its internal do-not-call procedures, are therefore directly relevant not only to classwide issues but to Plaintiff's individual claims. Courts routinely approve such discovery at the outset of TCPA class actions because Rule 23 demands a factual record demonstrating how the defendant's communications service actually functions in practice. *See Haghayeghi v. Guess?, Inc.*, 168 F. Supp. 3d 1277, 1281 (S.D. Cal. 2016).

Defendant's motion to dismiss does not support a stay, either. Defendant's standing argument rests entirely on assertions outside the pleadings the Plaintiff is entitled to test through discovery, and discovery is necessary precisely because the jurisdictional and merits issues overlap. *Shelton v. Pro Source Lending Grp. LLC*, No. CV 24-4394, 2025 WL 817485, at *6 (E.D. Pa. Mar. 14, 2025) So too regarding the dispute as to Defendant's involvement and how Defendant's platform operates. This is a factual question inappropriate for determination on a motion to dismiss. *Connor v. Servicequick Inc.*, No. 1:24-CV-02286, 2025 WL 2855393, at *3 (D. Colo. Oct. 8, 2025) (noting that a platform's liability cannot be resolved without discovery). A factual attack on subject matter jurisdiction triggers a plaintiff's right to jurisdictional discovery to rebut or test the defendant's proffered evidence. Defendant's position that § 227(c) categorically excludes text messages is contrary to well established law and the decisions to the contrary are currently on appeal. Given conflicting judicial outcomes, Defendant's position is far from the clearly meritorious showing necessary to justify a stay. Finally, Defendant's contention that Plaintiff's STOP request was honored as a matter of law within a reasonable period is yet another merits defense not resolvable on a dismissal motion. *Viggiano v. Lakeshore Equip. Co.*, No. 17-CV-00707, 2018 WL 11310868, at *5 (D.N.J. Jan. 11, 2018). The evidence for each of these motions are fact-intensive issues uniquely within Defendant's possession and require discovery. A stay is not warranted merely because Defendant hopes its motion will succeed.

For these reasons, Defendant has not met its burden to justify the extraordinary remedy of a stay. Plaintiff respectfully requests that the Court deny Defendant's request in full and allow discovery to proceed without limitation.

Respectfully Yours,

Andrew R. Perrong, Esq.