IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated, | : | Civil No. 1:25-cv-01083 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HAPPY CABBAGE ANALYTICS, INC., | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

# ORDER

Before the court are two discovery dispute letters filed by the parties. (Docs. 27, 28.) Defendant Happy Cabbage Analytics, Inc., ("Happy Cabbage") seeks to stay discovery in this matter until the court rules on its pending motion to dismiss, Doc. 20. (Doc. 27, p. 1.) Alternatively, it requests that the court limit discovery to the issue of subject matter jurisdiction during the pendency of the motion to dismiss. (*Id.*) Plaintiff Asher Bronstin ("Bronstin") opposes Happy Cabbage's request. (Doc. 28, p. 1.) For the reasons that follow, the court will grant Happy Cabbage's request and stay discovery until it issues a ruling on Happy Cabbage's motion to dismiss, Doc. 20.

## BACKGROUND

Bronstin alleges that he received a promotional text message from Happy Cabbage on March 9, 2022. (Doc. 9, ¶¶ 29–34.) Bronstin attempted to unsubscribe from these messages, but he received a second text from Happy

1

Cabbage later that month. (*Id.* ¶ 35.) He filed an amended class action complaint against Happy Cabbage on August 19, 2025. (Doc. 9.) Therein, he alleges that Happy Cabbage violated the Telephone Consumer Protection Act by texting him even though he listed his phone number on the National Do Not Call Registry and unsubscribed from Happy Cabbage's promotional messages. (*Id.* ¶¶ 68–76.)

Happy Cabbage filed a motion to dismiss the amended complaint and an accompanying brief in support on November 4, 2025. (Docs. 20, 21.) The parties raised the instant issue of a discovery stay during a case management conference with the court on November 7, 2025, and the court ordered them to submit letter briefs supporting their positions. (Doc. 25, p. 1.) Happy Cabbage filed its letter brief on November 14, 2025, and therein requested a complete stay of discovery or, in the alternative, that the court limit discovery to the issue of subject matter jurisdiction, while the motion to dismiss is pending. (Doc. 27, pp. 1–4.) Bronstin filed a responsive letter brief on November 21, 2025, that opposes the stay request and argues that discovery should continue without limitation during the pendency of Defendant's motion to dismiss. (Doc. 28, pp. 1–4.) The court addresses the parties' arguments in turn.

## DISCUSSION

A district court may exercise its discretion to stay discovery pending the resolution of a motion to dismiss. *Fouad v. Milton Hershey Sch. & Sch. Tr.*, No.

1:19-CV-00253, 2020 WL 8225445, at *4 (M.D. Pa. Feb. 6, 2020) (citing *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019)). But the filing of a motion to dismiss does not automatically justify staying discovery. *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018). Instead, "[t]he 'party requesting a stay bears the burden of showing that the circumstances justify an exercise' of the Court's discretion to issue a stay." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).

    The court examines the following four factors to determine whether to stay discovery: (1) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Fouad*, 2020 WL 8225445, at *4 (quoting *Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019)) (internal quotation marks omitted).

    Moreover, if granting a motion to dismiss would render discovery futile, *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010), or "the likelihood that [the resolution of a pending motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the

delay," a stay may be appropriate. *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quoting *Weisman v. Mediq, Inc.*, 1995 WL 273678, at *2 (E.D. Pa. 1995)); *Rsrv. Real Est. Grp., Inc. v. Precision Wound Care LLC*, No. 1:25-CV-641, 2025 WL 1804970, at *5 (M.D. Pa. June 30, 2025). The court "need not form an opinion on the merits of the Motion to Dismiss; it need only to decide whether the Motion may 'potentially lead' to either termination of the case or to a determination of which claims are viable, allowing the parties to tailor discovery." *Colbert v. Allstate Prop. & Cas. Ins. Co.*, No. 3:20-CV-1066, 2020 WL 6922653, at *1 (M.D. Pa. Oct. 23, 2020) (quoting *Perelman v. Perelman*, 2011 WL 3330376, at *1 (E.D. Pa. 2011)).

The parties address these factors, and the impact of Happy Cabbage's motion to dismiss, in their letter briefs. Happy Cabbage argues that Bronstin will not be prejudiced by a stay because the delay will be relatively short and the discovery Bronstin seeks will be available to him when the stay is lifted. (Doc. 27, pp. 2–3.) Bronstin argues that a stay will cause him prejudice because a delay could result in the loss of evidence relevant to both the merits of the case and class certification, such as electronic data, policy documents, internal communications, call records, and contact lists. (Doc. 28, pp. 1–3.) He argues that this evidence is "already fragile" because Happy Cabbage does not have records from one of the phone numbers from which the text messages were sent, the specific business

advertised in the messages—the Spot—has gone out of business, and as time passes, the risk of losing even more evidence increases.  (*Id.* at 2–3.)  On the other hand, Happy Cabbage contends that Bronstin's decision to wait more than three years after receiving the text messages before filing suit[1] undercuts his argument that the comparatively short delay of the requested stay would limit his ability to obtain discovery, and notes that it recognizes its obligation to retain relevant evidence during the pendency of litigation.  (Doc. 27, pp. 2–3.)

      The court finds that this first factor weighs in favor of staying discovery.  The alleged loss of discovery material in the three years since Plaintiff received the texts does not establish that a stay of several months will cause him to lose access to further discoverable material.  Bronstin claims Happy Cabbage's "self-serving assurance that it is preserving materials is not a substitute for [his] right to obtain discovery . . . ."  (Doc. 28, p. 2.)  But the duty to preserve the electronically stored information Bronstin seeks is more than a "self-serving assurance," it is mandated by Federal Rule of Civil Procedure 37(e).[2]  Therefore, the court finds that Happy Cabbage has established that a stay will not prejudice Bronstin.

---

[1] Bronstin filed the original complaint in this matter on June 13, 2025.  (Doc. 1.)

[2] Happy Cabbage must also preserve all tangible evidence within its control that is relevant to the claims or defenses in the case when the duty to preserve that evidence is reasonably foreseeable. *See Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012)

Second, Happy Cabbage argues that it would be inequitable for the court to require it to engage in discovery only to grant its motion and dismiss the amended complaint entirely. (Doc. 27, p. 3.) Bronstin argues that the normal costs of discovery do not create the inequity or hardship required to justify a stay. (Doc. 28, p. 2 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

Considering both the burden of potentially unnecessary discovery and the fact that granting Happy Cabbage's motion would result in the dismissal of Bronstin's amended complaint, *see* Doc. 21, pp. 1–28, the court finds that this factor also weighs in favor of staying discovery. Happy Cabbage moves to dismiss both counts of Bronstin's amended complaint. (*Id.* at 12–28.) Therefore, a stay would prevent both parties from assuming the expense of discovery only for the court to dismiss Bronstin's amended complaint in several months should it grant Happy Cabbage's motion to dismiss. *Cf. Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019) (denying a motion to stay discovery during the pendency of a motion to dismiss because, among other reasons, "defendants acknowledge discovery will go forward even if their motion to dismiss is granted *in toto*. Thus, discovery as to plaintiffs' claims is inevitable"). The fact that "discovery would be futile" if the motion to dismiss is granted, and the fact that Happy Cabbage demonstrates that the delay in litigation will cause little harm to

either party, supports a stay.  *Mann*, 375 F. App'x at 239; *19th Street Baptist Church*, 190 F.R.D. at 349.³

Third, the court finds that a stay could promote the simplification of the issues presented in this case.  Although Bronstin argues that the stay would complicate those issues by "delaying the factual development necessary to resolve merits questions," Doc. 28, p. 2, the court finds that resolving the legal questions presented in Happy Cabbage's motion to dismiss may streamline discovery by narrowing the issues before the court.  *See Baquero v. Mendoza*, No. CV1815081, 2019 WL 13250988, at *2 n.3 (D.N.J. Mar. 13, 2019) ([I]n light of Defendant's assertion that a favorable resolution of his dispositive motion would end this litigation, the Court concludes that 'a stay would simplify the issues and trial of the case.'") (quoting *Cima Labs, Inc. v. Actavis Grp. HF*, No. 06-1970, 2007 WL 1672229, at *8 (D.N.J. June 7, 2007)).

Fourth and finally, Happy Cabbage argues that "at the early stage of the case, no trial date has been chosen so temporarily staying discovery will not necessitate changing any trial scheduling or other prejudice."  (Doc. 27, p. 3.)  But

---

³ The court also notes that discovery between the parties only recently began.  (Doc. 27, p. 1 ("On November 4, 2025, [Bronstin] served his First Set of Discovery on Happy Cabbage.")); *see Fernsler v. Swatara Twp. Police Dep't*, No. 1:24-CV-1253, 2024 WL 4372307, at *2 (M.D. Pa. Oct. 2, 2024) ("[W]e conclude that a stay is appropriate because, not only has discovery not yet begun at this early stage, but resolution of these pending motions is likely to reduce or eliminate the need for discovery if the motions are granted.")

"[i]t is almost always the case that a trial date is not set before a motion to dismiss is decided," so the court finds that the fourth factor in the stay analysis is "not a persuasive relevant factor to the Court's decision."  *Udeen*, 378 F. Supp. 3d at 333.

In sum, three of four factors weigh in favor of staying discovery until the court resolves the pending motion to dismiss, and the court will grant Happy Cabbage's request for a stay.

### CONCLUSION

The court finds that Happy Cabbage has met its burden to justify a stay of discovery during the pendency of its motion to dismiss, Doc. 20.  Therefore, **IT IS ORDERED THAT** discovery in this matter is **STAYED** pending resolution of Happy Cabbage's motion to dismiss, Doc. 20.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 5, 2025