**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASHER BRONSTIN *on behalf of himself and others similarly situated*, | ) ) | Civil Action No.: 25-cv-1083 |
| | ) | Class Action Complaint |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| HAPPY CABBAGE ANALYTICS, INC. | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN SUPPORT OF HIS RESPONSE**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Asher Bronstin ("Plaintiff") respectfully submits this Notice of Supplemental Authority to advise the Court of a new decision directly relevant to the issues raised in Defendant's Motion to Dismiss (ECF No. 20).

On March 23, 2026, the United States District Court for the Eastern District of Pennsylvania denied a motion to dismiss raising the same arguments advanced by Defendant here—specifically, that text messages do not constitute "telephone calls" under 47 U.S.C. § 227(c). See *Cole v. C/T Install America, LLC*, No. 25-3531 (E.D. Pa. Mar. 23, 2026) (attached as Exhibit A).

In *Cole*, the court issued a written opinion holding that Section 227(c) of the TCPA does apply to text messages, rejecting the identical statutory-interpretation argument Defendant advances in this case. The Court concluded that:

- The ordinary meaning of "telephone call" encompasses text messages;
- The structure of the TCPA—particularly the use of identical language in § 227(b)—supports that interpretation; and

- The statute's purpose of protecting consumer privacy would be undermined by excluding text messages.

The court therefore held that the plaintiff plausibly stated a claim under § 227(c) based on unsolicited text messages and denied the motion to dismiss in full. *Cole* is only the second federal court decision in Pennsylvania to address this issue. As Plaintiff previously advised the Court, in *Newell v. RxLink Inc.*, No. 2:25-cv-4270 (E.D. Pa. Mar. 12, 2026), the court likewise denied a motion to dismiss asserting that text messages fall outside § 227(c).  Together, *Cole* and *Newell* represent the only two federal decisions to consider this precise question, and both rejected the argument that Defendant advances here.

Plaintiff respectfully requests that the Court consider this supplemental authority in evaluating Defendant's Motion to Dismiss.

Dated:  March 23, 2026

/s/ *Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*