# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MICHAEL LOPRESTI, individually
and on behalf of all others similarly
situated.

        **Case No.: 5:25-cv-00282-CEM-PRL**

        Plaintiff,

  v.

NOUVEAU ESSENTIALS
MARKETING LLC,

        Defendant,

_____/

## REPORT AND RECOMMENDATION[1]

Upon referral, this case is before the Court on Defendant Nouveau Essentials Marketing LLC's motion for judgment on the pleadings under Rule 12(c). (Doc. 30). Plaintiff has responded in opposition to the motion and both parties have been given an opportunity to extensively brief the issues. In addition to the motion and response (Doc. 30 & 40), the parties have also filed numerous replies and notices of supplemental authority that have been carefully considered by the undersigned. (Docs. 47, 48, 50, 56, 59, 60 & 61). For the reasons explained below, I submit that Defendant's motion is due to be granted.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

## I.   BACKGROUND

Plaintiff initiated this putative class action against Defendant Nouveau Essentials Marketing LLC, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. Plaintiff alleges that "Defendant engaged in a pattern of unlawful Telemarketing" by targeting Plaintiff and the proposed class with "with unsolicited texts, causing widespread annoyance and harm," including using an automatic telephone dialing system, and by contacting numbers registered in the National Do Not Call Registry. (Doc. 1 at 2).

Specifically, in the complaint, Plaintiff alleges that "the TCPA applies equally to unsolicited text messages, which cause identical privacy harms as calls." (Doc. 1 at 4). Plaintiff alleges that Defendant initiated at least two "unlawful texts" that were sent to Plaintiff. (Doc. 1 at 7-9). Indeed, Plaintiff's complaint is based upon the allegation that Defendant "initiated texts," rather than traditional telephone calls to Plaintiff. (Doc. 1 at ¶¶ 47, 60). Based on the same set of text messages, Plaintiff alleges claims under both § 227(b) and § 227(c)(5).

## II.   LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). In evaluating the sufficiency of a complaint, courts in the Eleventh Circuit apply the same pleading standard for Rule 12(c) motions as they do for Rule 12(b)(6) motions. *See Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (*per curiam*) (reviewing the grant of a motion for judgment on the pleadings and applying the motion to dismiss standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*")); *Griffin v. SunTrust Bank,*

*Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015) ("The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6)."), *aff'd*, 648 F. App'x 962 (11th Cir. 2016) (*per curiam*).

Thus, a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In considering a motion for judgment on the pleadings, the court must eliminate any allegations that are merely legal conclusions, and then, where there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Although reasonable inferences are made in a plaintiff's favor in considering a motion for judgment on the pleadings, "unwarranted deductions of fact are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (citation and quotation marks omitted).

As with a motion to dismiss, in deciding whether to grant a Rule 12(c) motion, courts "must accept all facts in the complaint as true and view them in the light most favorable to the plaintiff[ ]." *Hardy v. Regions Mortg., Inc.,* 449 F.3d 1357, 1359 (11th Cir. 2006); see also *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("The plaintiff's factual allegations are accepted as true.").

### III. DISCUSSION

The issue raised by Defendant's motion for judgment on the pleadings is whether text messages fall within the TCPA's private rights of action in 47 U.S.C. § 227(b) and § 227(c). Plaintiff contends that they do, while Defendant contends that they do not. For the reasons explained below, I submit that that the claims alleged by Plaintiff do not fall within the TCPA's private rights of action and that Defendant's motion for judgment on the pleadings is due to be granted.

#### A. Relevant Provisions of the TCPA

Plaintiff has alleged claims under both § 227(b) and § 227(c). Section 227(b) is titled "Restrictions on use of automated telephone equipment." 47 U.S.C. § 227(b). It prohibits making "any call ... using any automatic telephone dialing system or an artificial or prerecorded voice" to certain types of phone numbers, including those assigned to a "cellular telephone service." *Id.* § 227(b)(1)(A). It bars initiating "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message." *Id.* § 227(b)(1)(B). It also prohibits sending an "unsolicited advertisement" between "any telephone facsimile machine[s]." *Id.* § 227(b)(1)(C). These prohibitions do not apply to calls made under certain circumstances, such as in emergencies, with the recipient's prior express consent, and where an established business relationship exists. *Id.* § 227(b)(1)(A)–(C). Section 227(b) directed the Federal Communications Commission ("FCC") to issue implementing regulations, *Id.* § 227(b)(2), and created a private right of action for violations of the provision or such regulations, *Id.* § 227(b)(3).

Unlike § 227(b), which focuses on restricting the use of automatic telephone equipment, § 227(c) is more broadly titled "Protection of subscriber privacy rights." *Id.* §

227(c). It directed the FCC to conduct a rulemaking proceeding "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." *Id.* § 227(c)(1). "Telephone solicitation" is defined throughout § 227 as the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," subject to certain exceptions. *Id.* § 227(a)(4). Section 227(c) also authorized, but did not require, the FCC to issue regulations to "require the establishment and operation of a single national database" of residential telephone numbers of persons who did not want to receive telephone solicitations. *Id.* § 227(c)(3). Section 227(c) also created a private right of action for any person who receives "more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the regulations prescribed under this provision. *Id.* § 227(c)(5).

The FCC issued regulations under § 227(c) establishing the Do Not Call Registry ("DNCR"). These regulations prohibit any "person or entity" from initiating "any telephone solicitation" to a "residential telephone subscriber" who has registered his or her number on the DNCR. 47 C.F.R. § 64.1200(c)(2).

B. Plaintiff's Allegations

It is significant in this case that Plaintiff has only alleged solicitation via text messages, not solicitation via telephone calls. Defendant's motion asserts that no private cause of action for the text messages exists under either § 227(b) or § 227(c). Meanwhile, Plaintiff contends that, under the TCPA's plain text, ordinary meaning, and judicial interpretation, text messages qualify as "calls" and "telephone calls" under § 227(b) and § 227(c). Plaintiff argues that Defendant's motion would require this Court to adopt an "ultra-restrictive interpretation." (Doc. 60 at 5).

C. The Parties' Arguments

To be sure, both parties have cited a plethora of case law in support of their respective positions. For example, Plaintiff relies upon *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA]") and *Drazen v. Pinto*, 74 F.4th 1336, 1343 n.5 (11th Cir. 2023) ((Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages).").

To summarize Plaintiff's argument, Plaintiff contends that Eleventh Circuit precedent in *Drazen* and *Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303 (11th Cir. 2025) reflects the "understanding" that both calls and texts are covered by the TCPA. (Doc. 60 at 2). Plaintiff also contends that the Supreme Court's 2024 decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 369 (2024) does not call into question this "understanding."[2] Plaintiff cites numerous recent district court decisions supporting his position, including many from outside the Eleventh Circuit.[3] Indeed, numerous courts have adopted Plaintiff's argument. *See, e.g., Wilson v. Better Mortg. Corp.*, No. 25cv5503 (PAE), 2025 WL 3493815, at *12 (S.D.N.Y. Dec. 5, 2025).

---

[2] In *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 399, 407 (2024), the Supreme Court overturned *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 840 (1984), describing it as a "fundamentally misguided" doctrine that "demands that courts mechanically afford binding deference to agency interpretations[.]"

[3] Plaintiff argues, "District courts have reached the same conclusion post *Loper Bright*, including as recently as February 13, 2026. In *Alvarez*, the court held: "considering the ordinary language of the statute, the Court finds that 'telephone calls' in the context of § 227(c)(5) include text messages." 2026 U.S. Dist. LEXIS 14155 at *1 (S.D. Tex. Jan. 26, 2026); *see also Hernandez*, 2026 U.S. Dist. LEXIS 23208, at *3 (N.D. Ill. Feb. 4, 2026) ("The Court thus declines to hold that the TCPA does not apply to text messages."); *McGonigle v. Shopperschoice.Com*, LLC, 2026 U.S. Dist. LEXIS 30157, at *13 (M.D. La. Feb. 13, 2026) ("Considering the foregoing, the Court finds that Subsection 227(c)(5) applies to cell phone text messages.). These decisions reflect the common-sense understanding that text messages are a modern method of calling— initiating communication through a telephone—exactly as Congress sought to regulate under the TCPA."

Meanwhile, Defendant likewise cites authority supporting its position, including most noteworthily this Court's recent decision in *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00846-SDM-CPT,[4] 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). In *El Sayed*, this Court considered whether one or more unsolicited promotional text messages sent to the plaintiff supported a private cause of action under 47 U.S.C. § 227(c)(5). Judge Merryday succinctly summarized the current state of the law and held:

> Although some judges differ, I agree with and adopt Judge Winser's opinion that "the statutory text here is clear, and a text message is not a 'telephone call.'"

*Id.* at *2 (*citing Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272 (N.D. Fla. 2025)).

To be sure, in *Davis*, Judge Winsor began by addressing the Court's decision in *Campbell-Ewald* and the Eleventh Circuit's decision in *Drazen*, and explained that neither decided that text messages are calls under the TCPA. *Davis*, 797 F. Supp. at 1273 (noting in *Campbell-Ewald* that "the Court assumed, but did not decide" the issue of whether a text message is a call under the TCPA, and that *Drazen* "did not interpret the statute at all; it addressed whether an unwanted text message constituted a sufficient injury to confer Article III standing," an issue it had to address before considering the merits.). Thus, in *Davis*, the court found that neither case controlled the issue.

In *El Sayed*, Judge Merryday, getting to the heart of the statutory interpretation issue, reasoned that, "in common American English usage, a 'telephone call' and a 'text message' are separate and distinct forms of communication" and noted that the term 'text message' appears elsewhere in the TCPA and related amendments. *Id.* Judge Merryday concluded

---

[4] Due to an apparent scrivener's error, the case number of the *El Sayed* decision appears incorrectly in Westlaw as Case No. 8:25-CV-847-SDM-CPT.  The accurate case number is 8:25-CV-**846-**SDM-CPT. Herein, the correct case number is cited.

Congress "understood the pertinent distinction and legislated mindful of the distinction." *Id.*, citing Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. P, § 503(a) (codified at 47 U.S.C. §§ 227(e)(8)(A)–(B)) (distinguishing between "a call made using a voice service" and "a text message sent using a text messaging service"). Judge Merryday also concluded "[t]he omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'" *Id.*

Defendant contends that Plaintiff's argument relies on both outdated and poorly decided cases. Defendant argues:

> Plaintiff cites several recent non-binding cases that err in holding that in 1991, Congress—unlike any American ever using these terms—used "text message" and "telephone call" interchangeably in the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. This Court should not follow these poorly decided cases, but instead should follow its recent decision in *El Sayed v. Naturopathica Holistic Health, Inc.*, CASE NO. 8:25-cv-00846-SDM-CPT, 2025 U.S. Dist. LEXIS 209469, at *3 (M.D. Fla. Oct. 24, 2025).

(Doc. 59 at 2).

Defendant also cites *Ins. Mktg. Coal. Ltd. v. FCC*, 127 F.4th 303, 313 (11th Cir. 2025) (rejecting the FCC's argument that an order is good policy and is therefore necessarily lawful) as a recent example of the Eleventh Circuit overturning "TCPA overreach." Defendant contends, "[a] text message is not, and never was, a phone call." (Doc. 59 at 6).

Defendant's argument is also supported by cases such as *Davis v. CVS Pharmacy, Inc.,* 797 F. Supp. 3d 1270, 1275–76 (N.D. Fla. 2025) ("[plaintiff] had to allege that he received at least two 'telephone calls.' He alleged receiving only text messages. And because text messages are not telephone calls, he has not stated a claim."), and *Radvansky v. 1-800-FLOWERS.COM, Inc.,* No. 1:25-CV-2811-TWT, 2026 WL 456919, at *5 (N.D. Ga. Feb. 17,

2026) ("the Court agrees with the decisions in this Circuit concluding that the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages.).

Indeed, just days ago, the *Radvansky* court in the Northern District of Georgia, summarized the current state of the law, observing the impact of *Loper Bright*:

> This sea change in the legal landscape has left district courts to decide, with fresh eyes, whether § 227(c)(5)'s reference to "telephone call[s]" also encompasses text messages. Thus far, courts have been split on the issue.

2026 WL 456919, at *3.

D. Analysis

For the purposes of analyzing Defendant's motion for judgment on the pleadings, the undersigned finds Judge Merryday's decision in *El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 WL 2997759, both analogous and persuasive. Moreover, unlike many of the cases cited by Plaintiff, *El Sayed* represents this Court's informed analysis of the relevant issues post-*Loper Bright*. As Judge Merryday reasoned, the voice call provisions of the TCPA were only extended to text messages through the rulemaking authority of the FCC. *Id.* at 2. As this Court observed, "'district courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation.'" *Id*, citing *McLaughlin Chiropractic Associates, Inc. v. McKesson Corporation*, 606 U.S. 146, 168 (2025).

Judge Merryday applied those principles in the *El Sayed* case and concluded that paragraph 227(c)(5) applies only to a "telephone call." *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00846-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). Having reviewed the complaint in both this case and the amended complaint in the *El Sayed* case (*See* Case No. 8:25-CV-00846-SDM-CPT, Doc. 9), I find the claims alleged here indistinguishable from those alleged by the plaintiff in *El Sayed*. Similar to what is alleged

here, the plaintiff in *El Sayed* alleged "Defendants caused multiple text messages to be transmitted to Plaintiff's cellular telephone number." *See* Case No. 8:25-CV-00846-SDM-CPT, Doc. 9 at 2). Like the Plaintiff here, the *El Sayed* plaintiff alleged only unsolicited text messages, rather than traditional telephone calls. Further, for the purpose of this analysis, there appears to be no reason to distinguish the § 227(c) claims from the paragraph §227(b) claims as they are part of the same statutory framework. I therefore submit that the Court's reasoning in *El Sayed* also applies to the § 227(b) claim alleged in this case.

For clarification, the undersigned acknowledges that this recommendation differs from this Court's prior ruling on Defendant's motion to dismiss on the related issue of standing. That motion to dismiss was presented as a secondary alternative argument at the conclusion of Defendant's motion to compel arbitration. (Doc. 17). The undersigned's subsequent Report and Recommendation (Doc. 26) recommending denial of Defendant's motions was entered on October 17, 2025, and as no objections were made by either party, adopted by the district judge. (Doc. 35). In preparing the earlier Report and Recommendation (Doc. 26), the undersigned (and indeed the parties as well) lacked the benefit of this Court's decision in *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00846-SDM-CPT, 2025 WL 2997759, at \*2 (M.D. Fla. Oct. 24, 2025), as that decision was entered one week later. As stated above, the undersigned's recommendation here represents this Court's more informed analysis of the relevant issues post-*Loper Bright*.

The undersigned submits that Defendant is entitled to judgment on the pleadings because Plaintiff lacks a private right of action under § 227(b) and § 227(c) for the text messages alleged in the complaint.

## IV. RECOMMENDATION

Accordingly, upon due consideration, it is respectfully recommended that Defendant Nouveau Essentials Marketing LLC's motion to for judgment on the pleadings (Doc. 30) be granted.

**Recommended** in Ocala, Florida on February 26, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy