**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>HAPPY CABBAGE ANALYTICS, INC.<br><br><br>              Defendant. | Case No.<br><br>1:25-CV-01083-JPW |

## <u>PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

Plaintiff submits this Notice of Supplemental Authority to advise the Court of a recent decision relevant to the Court's consideration of Defendant's dispositive motion.

There is no Third Circuit Court that has adopted the Defendant's argument and yet another has rejected it in *Pero* v. *Brown-Daub Chevrolet of Nazareth*, 2026 U.S. Dist. LEXIS 134498 (E.D. Pa. June 17, 2026). In denying the same motion to dismiss that is at issue here, Judge Savage held:

> Text messages did not exist when the TCPA was enacted. Congress could not have contemplated text messages when it passed the TCPA. But, Congress intended to prohibit more than solicitations by telephone.

It also included communications "by message." Clearly, the prohibition was not limited to telephone calls.

Section 227(a)(4) defines telephone solicitation as the "initiation of a telephone call or *message* for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C.A. § 227(a)(4) (emphasis added). The telephone solicitation definition does not include text messages specifically. But, it is not limited to a telephone call. It includes solicitation by message. Congress intended to prohibit intrusive and unwanted contacts using a telephone line.

The TCPA does not define "telephone call or message." So, we must examine its meaning as it was commonly and ordinarily used when Congress  enacted the statute in 1991. *Wis. Cent. Ltd.*, 585 U.S. at 284. When  the TCPA was  enacted, "telephone" was defined as "[a]n instrument, apparatus, or device for conveying sound to a distance."12 A "call" meant "[a] summons or communication by telephone; a telephone conversation."13 "Message" was defined as "[a] communication transmitted through a messenger or other agency; an oral or written communication sent from one person to another."14
A text  message is  a  communication  (message)  transmitted  by  a telephone (an agency). Thus, it is a "message" within the scope of the TCPA's prohibition of unwanted telephone solicitations…

The FCC has clarified that the DNCR's protections extend to text messages. In *Targeting and Eliminating Unlawful Text Messages, Implementation of the Telephone Consumer Protection Act of 1991, Advanced Methods to Target and Eliminate Unlawful Robocalls*, the FCC "codifie[d] that the National Do-Not-Call (DNC) Registry's protections extend to text messages." 89 FR 5098-01, 2024 WL 283571 (F.R.), 5098 (Jan. 26, 2024). It warned that "[t]exters must have the consumer's prior express invitation or permission before sending a marketing text to a wireless number in the DNC Registry." *Id.* at 5099. The Commission explained that the regulation was consistent with [*7]  court opinions and would "both deter illegal texts and make DNC enforcement easier." *Id.* Additionally, the FCC has explicitly ruled that sending text messages can violate the DNCR provisions of the TCPA. *In The Matter of Emanuel "Manny" Hernandez; Click Cash*

*Mktg., LLC; and Rock Solid Traffic*, 33 FCC Rcd 12382, 2018 WL 6830220 at \*1 (F.C.C. Dec. 21, 2018).

In 2024, the FCC amended the regulations to clarify that Section 227(c) applies to any person or entity making telephone solicitations or telemarketing calls or text messages as described in the specific regulations cited above. 47 C.F.R. § 64.1200(e); 89 FR 5104 (Jan. 26, 2024).

The FCC has included a text in the definition of a "telephone call" in regulations implementing other TCPA sections. In a regulation interpretating Section 227(b) of the TCPA, the FCC explained that the TCPA's prohibition on making calls using an autodialer "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (2003).

The Supreme Court and lower courts have acknowledged this interpretation and have not rejected it. See *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 615 n.1, 140 S. Ct. 2335, 207 L. Ed. 2d 784 (2020) (identifying the regulation as an example of the robocall restriction barring both automated voice calls and text messages); *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014), *aff'd*, 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2008)…

When evaluating Section 227(b), the Third Circuit held that the TCPA's prohibitions on using automatic dialing systems included text messages. *Gager v. Dell Fin. Servs., L.L.C.*, 727 F.3d 265, 269 n.2 (3d Cir. 2013). In a footnote, the Court approvingly cited the FCC's *Soundbite* decision and the Ninth Circuit's *Satterfield* decision. *Id.* However, *Gager* predated *McLaughlin* and *Loper Bright*. It was decided before *Chevron* deference was abolished. The Third Circuit has not yet considered the issue applying statutory interpretation principles post-*Chevron*.

Six Circuits have determined that a text is a call. *See Breda v. Cellco P'ship*, 934 F.3d 1, 4 n.1 (1st Cir. 2019); *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690 (5th Cir. 2021); *Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370 (6th Cir. 2015); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 463 (7th Cir. 2020); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023); *Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303, 307 n.2 (11th Cir. 2025).

All but one of these cases were decided while *Chevron* was alive. They all predated *McLaughlin*. Additionally, the *Breda, Cranor, Keating, Gadelhak*, and *Insurance Marketing Coalition* cases analyzed Section 227(b), not Section 227(c). Nevertheless, their reasoning is persuasive. *Hall*, decided post-*Chevron*, considered whether the plaintiff who had received unwanted text messages had standing to bring an action under Section 227(c). The Ninth Circuit held that the owner and subscriber of a phone number on the DNCR suffered an injury-in-fact for Article III purposes when unsolicited telemarketing calls or text messages were sent to the number. *Hall*, 72 F. 4th at 985-986…

Courts in this district have held that a text is a call for purposes [*10] of Section 227(c). *See e.g., Newell v. Child.'s Dental Health Assocs., LLC*, Civil Action No. 25-5238, 2026 U.S. Dist. LEXIS 74360, 2026 WL 927378, at *1, *9 (E.D. Pa. Apr. 6, 2026) (Murphy, J.) ("We agree with the FCC and many courts that have considered the question that the statutory language 'calls' includes text messages"); *Cole v. C/T Install America, LLC*, Civil Action No. 25-3531, 2026 U.S. Dist. LEXIS 63254, 2026 WL 916582, at *1 n.1 (E.D. Pa. March 23, 2026) (Henry, J.) ("[N]othing in the text, structure, or purpose of the TCPA suggests the barring of text messages under § 227(c)...[the Court] conclude[s] that § 227(c) includes text messages within its definition of a 'telephone call.'").

A copy of that decision is attached as <u>Exhibit 1</u>.

Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion to Dismiss.

Dated: July 7, 2026

Respectfully submitted,

*/s/ Anthony Paronich*
Anthony Paronich
Paronich Law, PC
350 Lincoln St, Ste 2400
Hingham, MA 02043
(617) 485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com

*Counsel for plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record who are registered CM/ECF participants.

*/s/ Anthony I. Paronich*
Anthony I. Paronich